**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | |
|---|---|
| AUXO MEDICAL, LLC )<br>)<br>    Plaintiff, )<br>)<br>    v. )<br>)<br>OHIO NATIONAL LIFE ASSURANCE )<br>CORPORATION, )<br>)<br>    Defendant. )<br>) | CIVIL NO. 3:11cv259-DWD |

## MEMORANDUM OPINION

This matter is before the Court by consent of the parties pursuant to 28 U.S.C. § 636(c)(1) on the Defendant's Motion to Dismiss (Docket No. 13). The matter has been thoroughly addressed by the parties' submissions and oral argument would not materially aid the decisional process. For the reasons set forth herein, the Defendant's motion is GRANTED, in part, and DENIED as moot, in part.

### I. BACKGROUND

The Court has reviewed the Amended Complaint and assumes that all well-pleaded allegations therein are true and views the facts in the light most favorable to the Plaintiff, the non-moving party, as is required when resolving a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). See Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). Applying that standard, the Court has concluded that the following narrative represents the facts for purposes of resolving the motion.

Auxo Medical, LLC ("Auxo Medical" or "Plaintiff") is the owner and sole beneficiary of

an insurance policy (the "Policy") covering the life of one Kevin J. Smith ("Smith") in the amount of five hundred thousand dollars ($500,000). Smith passed away on March 24, 2010.[1] (Am. Compl. ¶ 2.) The insurer and Defendant in this case, Ohio National Life Assurance Corporation ("Ohio National" or "Defendant") has refused to honor the policy, claiming that it was cancelled due to Auxo Medical's failure to pay the premiums. (Id. ¶¶ 1, 17.)

According to the terms of the Policy, Auxo Medical was entitled to a grace period during which coverage would persist "for 61 days after the due date of the required premium, *or if later, until 31 days after notice of the amount due has been mailed*." (Notice of Removal Ex. 5, life insurance policy submitted in response to state court motion craving oyer (hereafter cited as the "Policy") at 9 (emphasis added).) Such notice "must be in written form" and "takes effect when signed." (Policy at 7.) Auxo Medical never received any such notices from Ohio National. (Am. Compl. ¶¶ 1, 7, 11-12.)

After Ohio National refused to honor the Policy, it provided copies of electronically generated letters purportedly providing the required notices on December 30, 2009, and again on February 1, 2010. (Notice of Removal Ex. 5.) These were followed by a final notice of cancellation dated March 1, 2010. (Id.) None of the notices were signed as required by the policy. (Id.; Am. Compl. ¶ 13.) Auxo Medical alleges that Ohio National has intentionally misrepresented that the notices were, in fact, sent to Auxo Medical on the dates in question, particularly emphasizing that Ohio National has refused to provide evidence of paid postage or certified mailing. (Am. Compl. ¶¶ 11, 14.) Moreover, Auxo Medical alleges that certain notices

---

[1] Although Smith's relationship to Auxo Medical is not necessarily material to the matter before the Court, the Amended Complaint refers to the policy as a "key man life insurance policy." (Am. Compl. ¶ 4.) For background purposes only, the Court notes that this term refers to "[l]ife

2

were required by Va. Code § 38.2-232, none of which were ever provided. (Id. ¶ 15.)

Auxo Medical now brings a single count action against Ohio National for breach of the Policy and duties owed pursuant to Va. Code § 38.2-232, seeking the full value of the Policy. (Id. ¶¶ 16-28.)[2] Auxo Medical also demands attorney's fees and costs based upon an alleged bad faith denial of coverage. (Id. ¶¶ 26, 28.) Ohio National now moves for dismissal of the claim to the extent that it asserts an independent cause of action pursuant to Va. Code § 38.2-232.[3] It does not move for dismissal to the extent that Auxo Medical asserts a claim for breach of contract.

## II. STANDARD OF REVIEW

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citation omitted). The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47

---

insurance taken out by a company on an essential or valuable employee, with the company as beneficiary." Black's Law Dictionary 945 (8th ed. 1999).

[2] The case was originally filed in the Circuit Court of the City of Richmond, but was timely removed pursuant to 28 U.S.C. § 1441. Subject matter jurisdiction is proper pursuant to 28 U.S.C. § 1332 because the parties are completely diverse and the amount in controversy exceeds seventy-five thousand dollars ($75,000.00).

[3] Initially, the Defendant had also moved for dismissal of claims for intentional misrepresentation and bad faith. (Def.'s Br. Sup. Second Mot. Dismiss ("Def.'s Second Br.") at 2-3.) However, based on the Plaintiff's representation that it asserts no such independent claims, noting that it alleged such factual matter only in support of a claim for attorney's fees pursuant to Va. Code 38.2-209, the Defendant has withdrawn those portions of the motion. (Def.'s Reply

(1957)). A complaint need not assert "detailed factual allegations," but must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," id. (citation omitted), to one that is "plausible on its face," id. at 570, rather than merely "conceivable." Id. In considering such a motion, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Matkari, 7 F.3d at 1134; see also Martin, 980 F.2d at 952. Legal conclusions enjoy no such deference. Ashcroft v. Iqbal, 556 U.S. ___, 129 S. Ct. 1937, 1949 (2009).

### III. DISCUSSION

The sole issue before the Court is whether Virginia law establishes an independent cause of action for violation of the notice provisions set forth at Va. Code § 38.2-232. The statute states in relevant part:

> Every insurer, health services plan, or health care plan that issues a policy, contract, or plan of insurance or annuity as defined in §§ 38.2-102 through 38.2-109 shall provide the policy owner, contract owner, or plan owner with a written notice prior to the date that the policy, contract, or plan will lapse for failure to pay premiums due.
>
> This section shall not apply (i) to policies, contracts, or plans of group insurance, (ii) where the insurer, health services plan, or health care plan, as a general business practice, provides its policy owners, contract owners, or plan owners with written notices of premiums due, or (iii) where the insurer, health services plan, or health care plan has furnished its policy owner, contract owner, or plan owner with written notice separate from that contained in the policy that the failure to pay premiums in a timely manner will result in a lapse of such policy, contract or plan.

Id. The short answer is that § 38.2-232 does not create an independent cause of action, but

---

Sup. Mot. Dismiss ("Def.'s Reply") at 3-4.) Accordingly, those portions of the motion are

instead appears to impose an obligation that is enforced by the Virginia State Corporation Commission (the "Commission"). Compare Va. Code § 38.2-219 (establishing the Commission's enforcement authority) with A&E Supply Co. v. Nationwide Mut. Fire Ins. Co., 798 F.2d 669, 674 (4th Cir. 1986) (interpreting a predecessor statute to vest enforcement of the Unfair Insurance Practices Act in the State Corporation Commission and precluding a private right of action).

This conclusion follows from the general rule that "federal courts should be reluctant to read private rights of action into state laws where state courts and state legislatures have not done so." A&E Supply Co., 798 F.2d at 674. Here, the statute fails to mention any private right of action, save those predating the statute at common law. See Va. Code § 38.2-221; see also American Chiropractic v. Trigon Healthcare, 367 F.3d 212, 230 (4th Cir. 2004). Instead, it creates a series of enforcement procedures exclusively within the Commission's jurisdiction. It would be unnecessary to create any other enforcement mechanism by implication, including a private cause of action. Were the General Assembly's intentions otherwise, those intentions would have been unmistakable.

Indeed, the Fourth Circuit reached this very conclusion when rejecting a private right of action in the predecessor statutory scheme, Va. Code §§ 38.1-1 through 38.1-971 (repealed by Acts 1986). As the Fourth Circuit explained:

> [I]n Commonwealth v. County Board of Arlington County, 232 S.E.2d 30, 42 (Va. 1977), the [Supreme] Court [of Virginia] said that "the rule is clear that where a power is conferred and the mode of its execution is specified, no other method may be selected; any other means would be contrary to legislative intent and, therefore, unreasonable." The Unfair Insurance Practices Act confers a power to redress insurer misconduct by organizing a system of administrative oversight with appellate judicial review. Under the approach of Commonwealth

---

denied as moot.

>    v. County Board of Arlington County, a court may not add a regime of private
>    lawsuits to this specified mode of executing the statutory purpose.

A&E Supply Co., 798 F.2d at 674. There is no statutory language or other authority to suggest that this conclusion would be different under the now-existing version of the statute, which preserves the Commission's enforcement powers and has not adopted any new language suggesting a private right of action. "When a statute has been construed by the courts, and is then re-enacted by the legislature, the construction given to it is presumed to be sanctioned by the legislature and thenceforth becomes obligatory upon the courts." Jones v. State Farm Mut. Auto. Ins. Co., 601 S.E.2d 645, 647 (Va. 2004) (citation omitted). Because the General Assembly has added no language creating a private right of action, the construction given to the statute in A&E Supply Co. must stand. Auxo Medical's claim shall therefore be dismissed to the extent that it relies on the statute to establish a viable cause of action.

At the same time, in at least one case, both the district court and the Fourth Circuit have *considered* the strictures of § 38.2-232 to determine whether notice was proper where the insured has asserted a claim for breach of contract. Russell v. Nationwide Life Ins. Co., 401 Fed. App'x 763 (4th Cir. 2010) ("Russell II"); Russell v. Nationwide Ins. Co., No. 4:07cv130, 2008 U.S. Dist. LEXIS 93186 (E.D. Va. Nov. 17, 2008) ("Russell I").[4] Thus, Auxo Medical is correct that the "Defendant cannot remove the statutory analysis from this litigation." (Pl.'s Opp'n at 2.) In Russell, however, neither the district court nor the Fourth Circuit recognized a separate cause of action for violation of § 38.2-232. Rather, both courts in that case simply considered whether the

---

[4] Auxo Medical also cites Herndon v. Massachusetts Gen. Life Ins. Co., 28 F. Supp. 2d 379 (W.D. Va. 1998), which provides no guidance on the issue now before the Court. (Pl.'s Opp'n at 2.) In that case, the court merely noted that § 38.2-232 requires notice of termination. Herndon, 28 F. Supp. 2d at 382 n.5. A separate statutory claim was not asserted or recognized, and the court was clear that it did "not rely on [the] statute." Id.

lack of adequate notice left the policy intact so as to give rise to a claim for breach of the policy. Russell II, 401 Fed. App'x at 766; Russell I, 2008 U.S. Dist. LEXIS 93186, at *19-26.[5] Thus, Auxo Medical's claim, if properly construed as one solely for breach of contract, may nevertheless rely on the statutory requirements to demonstrate that the policy was still in effect at the time of the alleged breach. The Court shall so construe the allegations henceforth.[6]

To a large extent, the parties are "speaking past" one another. Auxo Medical has alleged a *single* count which appears to assert a claim for breach of contract. (Am. Compl. ¶¶ 16-28.) Thus, the statutory claim appears to merely supplement the breach of contract claim, rather than adding a separate cause of action. Indeed, in its opposition to the motion to dismiss, Auxo Medical has admitted as much, explaining that it "has alleged a breach of the insurance policy along with the violation of the Virginia Code." (Pl.'s Opp'n at 2.) Likewise, Ohio National acknowledges that those cases cited by Auxo Medical "analyzed the notice provisions of [Va.] Code § 38.2-232 . . . in the context of deciding plaintiff's breach of contract claim, not as a separate stand alone claim." (Def.'s Reply at 2.)

To the extent that Auxo Medical attempts to state a *separate* claim for violation of Va. Code § 38.2-232, that claim shall be dismissed. However, it may properly assert a violation of the statute in support of its breach of contract claim. The distinction is simply this: the basis of liability shall sound solely in contract law.

---

[5] Upon review, the Amended Complaint addressed in Russell I involved a count for breach of contract. Within that count, the plaintiff alleged that the insurer failed to comply with Va. Code § 38.2-232. Russell v. Nationwide Ins Co., No. 4:07cv130, Docket No. 19, Answer at ¶¶ 53-54 (E.D. Va. filed Sept. 17, 2008). Accordingly, there was no issue in that case as to whether the statute created a separate, private cause of action.

## IV. CONCLUSION

For the reasons discussed herein, Defendant's Motion to Dismiss (Docket No. 13) is GRANTED, in part, and DENIED, in part. The Motion shall be GRANTED to the extent that any independent claim brought pursuant to Va. Code § 38.2-232 shall be DISMISSED. The Motion shall be DENIED in all other respects.

An appropriate Order shall issue.

/s/
Dennis W. Dohnal
United States Magistrate Judge

Richmond, Virginia
Dated: July 6, 2011

---

[6] By so construing the Amended Complaint, the case is not dismissed in its entirety, and it therefore becomes unnecessary for the Plaintiff to further amend its pleading.