**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

| | |
|---|---|
| **AUXO MEDICAL, LLC,** ) <br> ) <br>     **Plaintiff,** ) <br> ) <br>     v. ) <br> ) <br> **OHIO NATIONAL LIFE ASSURANCE** ) <br> **CORPORATION,** ) <br> ) <br>     **Defendant.** ) <br> ) | **CIVIL NO. 3:11cv259-DWD** |

## MEMORANDUM OPINION

This matter is before the Court by consent of the parties pursuant to 28 U.S.C. § 636(c)(1) on the Plaintiff's Motion for Leave to File Second Amended Complaint (Docket No. 26). The matter has been sufficiently addressed by the parties' submissions and oral argument would not materially aid the decisional process. For the reasons stated herein, the Court shall GRANT the motion.

### I. BACKGROUND

Auxo Medical, LLC ("Auxo Medical" or the "Plaintiff") filed a one-count Amended Complaint against Ohio National Life Assurance Corporation ("Ohio National" or the "Defendant"), alleging breach of an insurance policy and violation of Va. Code § 38.2-232. (Docket No. 9.) Although organized as a one-count complaint, the Plaintiff essentially levied two counts against the Defendant, one based on a simple breach of contract, and another as an independent cause of action pursuant to Va. Code § 38.2-232. Both claims arose out of the Defendant's alleged failure to give notice that it intended to cancel a "key man life insurance

policy" that the Plaintiff had purchased to insure the life of an employee.[1]

The Defendant moved to dismiss the Amended Complaint because the Virginia statute at issue does not create a private right of action. The Court agreed, granting the motion to dismiss, in part. (Docket No. 24.) However, the Court also held that a breach of the statute may be considered to assess whether the contractual duty to give notice was proper.

Based on information allegedly learned during the course of discovery, the Plaintiff now moves for leave to file its Second Amended Complaint. Specifically, the Plaintiff wishes to add factual allegations that the Defendant delegated to a third-party -- The Carillon Group, LLC -- its duty to provide notice of policy cancellation to its policy-holders. In turn, the Second Amended Complaint alleges that The Carillon Group, LLC failed to provide the required notice to the Plaintiff. Thus, the Plaintiff's proposed amendment would allow it to pursue its contract claim according to an alternative theory of proof -- vicarious liability. Notably, the amended pleading does not add any additional claims beyond the single-count contract claim. The Defendant opposes the motion.

## II. STANDARD OF REVIEW

"The disposition of a motion to amend is within the sound discretion of the district court." Davis v. Virginia Commonwealth Univ., 180 F.3d 626, 628 (4th Cir. 1999) (citing Foman v. Davis, 371 U.S. 178 (1962)). Pursuant to Fed. R. Civ. P. 15(a)(2), "[t]he court should freely give leave [to amend pleadings] when justice so requires." "Motions to amend are typically granted in the absence of an improper motive, such as undue delay, bad faith, or

---

[1] The Court sets-forth the procedural background only to the extent relevant to the resolution of the Plaintiff's Motion for Leave to File a Second Amended Complaint. For a more detailed discussion of the allegations in the case, the reader is directed to the Court's Memorandum Opinion dated July 6, 2011. (Docket No. 24.)

repeated failure to cure a deficiency by amendments previously allowed." Harless v. CSX Hotels, Inc., 389 F.3d 444, 447 (4th Cir. 2004). A lack of prejudice to the nonmoving party, alone, ordinarily warrants granting leave to amend. Ward Elec. Serv., Inc. v. First Commercial Bank, 819 F.2d 496, 497 (4th Cir. 1987).

### III. DISCUSSION

The Defendant lists eight rather cursory arguments in opposition to the Plaintiff's motion for leave. Addressing each argument in turn, the Court finds none persuasive and, therefore, will grant the Plaintiff's motion for leave.

**A.     Timeliness**

The Defendant first argues that it is too late to amend the pleadings, especially where the discovery cutoff lapsed only two (2) days after the motion was filed. (Def.'s Br. Opp'n Mot. Leave File Second Am. Compl. ("Def.'s Opp'n") at 3.) This argument must fail because there is no deadline to amend pleadings. Indeed, a party may even amend its pleading during and after the trial of the case to conform to the facts. Fed. R. Civ. P. 15(b). By itself, filing such a motion on the eve of the discovery cutoff is not prohibited, especially where the purpose of such amendment is to conform the allegations to those facts developed during discovery. Undue delay is considered to the extent that delay has caused the nonmoving party to suffer prejudice. No such showing has been made here.

**B.     Multiple Amendments**

The Defendant next argues that the Plaintiff was already permitted an amendment some three months ago. The Defendant cites no authority for the proposition that there is a numerical limit on amendments, and this Court is aware of none. Accordingly, this argument fails.

**C.     Failure to Follow E.D. Va. Loc. R. 7(F)(1)**

It is true that the Plaintiff's motion was not accompanied by a separate brief in support as required by E.D. Va. Loc. R. 7(F)(1). However, the Court will nevertheless consider the merits of the motion. As a general rule, "the application of the local rules is within the discretion of the Court." Michael v. Sentara Health Sys., 939 F. Supp. 1220, 1225 n.3 (E.D. Va. 1996). The purpose of requiring a "short-form" written motion separate from the legal memoranda is to allow the Clerk's Office to clearly and concisely docket the requested relief, which might otherwise lie buried in the text of lengthy, sometimes convoluted supporting documents. The Court has had no difficulty determining what relief is sought, and the same appears to be true of the Clerk's Office. There being no prejudice to the Defendant, the Court will exercise its discretion not to enforce the local rule. However, the Plaintiff is admonished to follow the strictures of this District's local rules in the future.

**D.     Failure to Meet Pleading Standards**

Next, the Defendant argues that the amended pleading should be denied because it does not satisfy the pleading requirements of Fed. R. Civ. P. 8(a). Specifically, the Defendant relies on the standards of a motion made pursuant to Fed. R. Civ. P. 12(b)(6), as developed in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 566 U.S. ____, 129 S. Ct. 1937 (2009). However, the Defendant does not appear to assert that the Plaintiff has failed to state a claim for which relief may be granted. Rather, the Defendant simply recites the standard of review for a Rule 12(b)(6) motion, then in conclusory fashion, states that "plaintiff's proposed Second Amended Complaint fails to comply with the strict pleading demands of *Twombly/Iqbal*." (Def.'s Opp'n at 4.)

As a preliminary matter, the Court notes that it has already considered a motion made

pursuant to Rule 12(b)(6). By Order and Memorandum Opinion dated July 6, 2011 (Docket Nos. 24 and 25), the Court granted the previous motion, in part, and denied it, in part, such that a single claim for breach of contract remained.

Here, the Plaintiff's proposed Second Amended Complaint does not add any new cause of action, but persists in its claim for breach of contract. The proposed amendments at issue implicate a new legal theory, alleging that the Defendant breached the contract vis-à-vis its agent, Carillon Group, LLC. In essence, the Plaintiff has added additional factual matter which, if proven, could render the Defendant liable for breach of contract due to the acts or omissions of its alleged agent. But the addition of these new *factual* allegations, pleaded in the alternative, does not necessarily give rise to a renewed *legal* challenge pursuant to Rule 12(b)(6) because the sole cause of action remains the same. The Defendant has not explained how the addition of the new factual material causes the Plaintiff to plead itself out of court, or otherwise causes his contract claim to fail. Thus, the liberal amendment standards of Rule 15 direct the Court to grant the requested leave to amend.

**E.     Failure to Disclose**

The Defendant next argues that the Plaintiff's failure to disclose the basis of its proposed amendments during discovery should foreclose the request to now amend its pleading. Specifically, the Defendant's Interrogatory No. 4 asked the Plaintiff to "[s]tate the facts and applications of law to fact that support each of the [asserted] claims." (Def.'s Opp'n at 4.) Also, the Defendant's Document Request No. 11 asked for "[a]ll documents which support in any way all claims that you make." (Id.) Of course, the very basis of the Plaintiff's requested amendment is that it learned information only after it engaged in discovery. Thus, the information was not in its possession when it first responded to both of these discovery requests. Accordingly, the

Plaintiff could not have been expected to disclose the information at that time.

However, the Defendant is correct that the Plaintiff has a duty to supplement its previous discovery responses to reflect the newly obtained information. However, the Defendant errs in how it seeks to remedy the Plaintiff's apparent failure to do so. The Plaintiff's failure to supplement does not necessarily preclude the requested leave to amend the pleadings. Rather, the issue of a party's failure to supplement discovery is best addressed through the discovery motion procedures contained in the Federal Rules of Civil Procedure. Pursuant to Rule 37, the Defendant may move to compel the Plaintiff to supplement its previous answers. But before invoking those mechanisms, the Defendant must make a good faith effort to confer with the Plaintiff to resolve the discovery dispute.

In effect, the Defendant asks the Court to sanction the Plaintiff for an alleged failure to supplement discovery by forbidding the requested amendment. Such a discovery sanction is not implicated by the Plaintiff's motion. Instead, such a sanction is appropriate, if at all, only after the Defendant has followed the procedures of Rule 37, including the obligation that it attempt to resolve the dispute in good faith. This the Defendant has not done. Accordingly, the Plaintiff's failure to supplement discovery does not provide a basis to deny the motion for leave.

**F.     Lack of Particularity**

The Defendant raises the possibility that it will be prejudiced by the "sweeping allegations with no supporting facts" which first appear "at this late date." (Def.'s Opp'n at 4.) It challenges the Plaintiff's failure to identify the specific discovery response that has led to the new allegations. It also challenges the particularity of the facts alleged, essentially claiming that the alleged existence of a contractual relationship between the Carillon Group, LLC and the Defendant is insufficient to allege vicarious liability. However, the alleged existence of such a

contract would, if true, plausibly establish an agency relationship.

Although not clearly articulated, it seems that the Defendant wants to impose Rule 9's particularity requirements on the Plaintiff's allegations of agency and vicarious liability. There is no authority for such a proposition, and the Court will not fashion such a pleading requirement absent controlling authority on the issue.

As the Court perceives the matter, the Plaintiff's motion for leave is nothing more than a routine request to amend a pleading in order that it conforms to evidence gathered during discovery. It seeks to add additional factual allegations that might give rise to an alternative theory of proof, but it otherwise leaves the nature of the contract claim intact. Accordingly, the Court finds the Defendant's arguments to the contrary unpersuasive and, therefore, grants the Plaintiff's motion.[2]

### G.     Prejudice

Apparently as a separate, seventh argument, the Defendant once again raises the issue of timeliness. This time, however, the Defendant relies on the deadlines and coming trial date to suggest that it has suffered prejudice. However, as the Court has already explained, the Plaintiff could have amended its pleading at the time of trial to conform to the evidence. In fact, it prejudices the Defendant less that the Plaintiff seeks to amend its pleading at this time, rather than waiting to do so at trial. Thus, this argument does not sway the Court.

---

[2] In the midst of this "particularity" argument, the Defendant also points out that the Plaintiff has cited no authority other than Rule 15 in support of its motion for leave. As the motion appears to be a routine request, the Court considers no additional authority necessary. Under the circumstances, the Court would expect the Defendant to provide some authority for why the Court should disregard Rule 15's liberal amendment standards. In opposing the motion, the Defendant has failed to make such a showing.

**H.     Bad Faith**

Finally, the Defendant alleges that the timing of the motion for leave to amend evinces a bad faith attempt to secure extensions of time to conduct further discovery and delay the filing deadline for dispositive motions. The Court takes such allegations seriously and recommends that the parties not lightly disparage each other. Here, there is absolutely no evidence of bad faith. In fact, no such extensions of time were ever requested and, as of the date of this Memorandum Opinion, discovery has closed and the parties have both filed timely cross motions for summary judgment. Thus, the Court finds that this argument provides no basis to deny the requested relief.[3]

## IV. CONCLUSION

For the reasons stated herein, the Court GRANTS the Plaintiff's Motion for Leave to File a Second Amended Complaint.

An appropriate Order shall issue.

/s/
Dennis W. Dohnal
United States Magistrate Judge

Richmond, Virginia
Dated: August 30, 2011

---

[3] In two footnotes, the Defendant suggests that the real impetus of its opposition centers on a disagreement over an attorney-issued subpoena duces tecum directed to Carillon Group, LLC. (Def.'s Opp'n at 5 n.2 and n.3.) The Court takes no position whatsoever on that issue. No motion to quash the subpoena is presently before the Court, and the basis to so move, if any, has not been clearly articulated.